**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN OF DISTRICT OF TEXAS,
EL PASO DIVISION**

| | | |
|---|---|---|
| NEREIDA LEAL, INDIVIDUALLY AND | § | |
| AS REPRESENTATIVE OF THE ESTATE OF | § | |
| MARTIN LEAL-ESCOBEDO; | § | |
| MARTIN A. LEAL, INDIVIDUALLY; AND | § | |
| MARIA ESCOBEDO, INDIVIDUALLY. | § | |
| *Plaintiffs*, | § | |
| | § | No. 3:17-cv-207 |
| v. | § | |
| | § | |
| A STERLING FREIGHT CARRIER INC.; | § | |
| MANDEEP K. BHATTI; AND | § | |
| SHARANDEEP SINGH | § | |
| *Defendants*. | § | |

---

## COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

---

COME NOW Plaintiffs, Nereida Leal, Individually and as Representative of the Estate of Martin Leal-Escobedo, Deceased; Martin A. Leal, individually; and Maria Escobedo, individually, complaining of Defendants A Sterling Freight Carrier Inc. (hereinafter referred as "Defendant ASF Carrier"); Mandeep K. Bhatti (hereinafter referred to as "Defendant Bhatti"); and Sharandeep Singh (hereinafter referred to as "Defendant Singh"), and would respectfully show the Court as follows:

## I.   PARTIES

1.     Plaintiff Nereida Leal is an individual and resident of Albuquerque, New Mexico and brings this claim individually and as representative of the estate of Martin Leal-Escobedo, her deceased father.

2.     Plaintiff Martin A. Leal is an individual and resident of Rio Rancho, New Mexico and is the surviving son of Martin Leal-Escobedo, deceased.

1

3.      Plaintiff Maria Escobedo is an individual and resident of Albuquerque, New Mexico and is the surviving mother of Martin Leal-Escobedo, deceased.

4.      Upon information and belief, at all times material hereto, Defendant Singh is an individual who resides at Panorama City, CA. Defendant Singh may be served with summons at his last known residence located at 8800 Willis Ave. Apt. 13, Panorama City, CA 91402.

5.      Upon information and belief, at all times material hereto, Defendant Bhatti is an individual who resides in Corona, California, and is the owner of the tractor trailer being driven by Defendant Singh and an employee of Defendant ASF Carrier. Defendant Bhatti may be served with summons at his last known residence located at 13113 Quart Horse Dr., Corona, CA 92880.

6.      Defendant ASF Carrier conducted business in Texas and derives substantial economic profit from its business activities in this state. As a result of these intentional, substantial, continuous, and systematic contacts within Texas, this Court has personal jurisdiction over Defendant ASF Carrier as to all claims arising from these contacts. Defendant ASF Carrier may be served with process through its officer, Mandeep K. Bhatti, located at 1311 Quarter Horse Dr., Cornona, CA 92880.

## II.      JURISDICTION AND VENUE

7.      Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 6 of this Complaint as if fully set forth here.

8.      As shown above, there is complete diversity of citizenship between Plaintiffs and Defendants. The subject matter of the claims of Plaintiffs in this action exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, this court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332.

9.      Venue is proper in the United States El Paso District Court, Western District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because this is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

### III.    FACTUAL BACKGROUND

10.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 9 of this Complaint as if fully set forth here.

11.     On or about May 03, 2017, Defendant Singh was traveling eastbound on IH-10. Defendant Singh lost control of his truck when his left front tire blew out, causing his tractor-trailer to travel across the center median and into the westbound lanes of IH-10. Martin Leal-Escobedo, the decedent, was traveling on westbound IH-10, when Defendant Singh's trailer collided with the front-end area of his vehicle. As a result of the collision, Martin Leal-Escobedo sustained severe personal injuries, and after receiving medical treatment, was pronounced dead at the scene. The death of Martin Leal-Escobedo occurred as the proximate result of the negligence of Defendants ASF Carrier, Defendant Bhatti, and Defendant Singh.

12. Martin Leal-Escobedo, deceased, is survived by Martin A. Leal, his son, Nereida Leal, his daughter, and Maria Leal, his mother.

### IV.    NEGLIGENCE and GROSS NEGLIGENCE OF DEFENDANT SINGH, DEFENDANT BHATTI and DEFENDANT ASF CARRIER

13.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 12 of this Complaint as if fully set forth here.

*Negligence of Defendant Singh*

14.     At all times pertinent hereto, Defendant Singh failed to be reasonable in his operation of Defendant ASF Carriers' and Defendant Bhatti's tractor-trailer rig. At the time of the accident

Defendant Singh was acting as an agent or employee of Defendant ASF Carrier and Defendant Bhatti within the course and scope of his employment. Defendant ASF Carrier and Defendant Bhatti are liable for the acts or omissions of their employees, agents, apparent agents, representatives and/or designees under the doctrine of *Respondeat Superior*.

15.    The occurrence described in this complaint is a direct and proximate result of the negligence of Defendant Singh who was negligent in many respects, including but not limited to the following:

      a.   in failing to use due care in operating a commercial vehicle

      b.   in failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

      c.   in failing to apply the brakes to his vehicle in a timely manner to avoid the collision in question;

      d.   in failing to turn his vehicle to the left or right in an effort to avoid the collision in question;

      e.   in failing to stop, yield, and grant the privilege of immediate use of the roadway;

      f.   in failing to maintain his vehicle under control;

      g.   in driving in a reckless manner; and

      h.   in failing to take proper evasive action.

16.    As a direct and proximate result of Defendant Singh's negligence, as set forth above, Martin Leal-Escobedo was severely injured and subsequently died.

17.    Defendant Singh's actions were malicious, willful, wanton, reckless and/or grossly negligent.  Plaintiffs are entitled to an award of punitive damages.

### *Negligence of Defendant ASF Carrier*

18.    The conduct of Defendant ASF Carrier constitutes negligence in many respects including the following:

     a. Defendant ASF Carrier owed Plaintiffs a legal duty to hire, supervise, and train competent employees;

     b. Defendant ASF Carrier owed Plaintiffs a legal duty to retain competent employees;

     c. Defendant ASF Carrier owed Plaintiffs a legal duty to fire incompetent or dangerous employees;

     d. Defendant ASF Carrier breached each of the above duties by hiring, retaining and failing to fire Defendant Singh; and

     e. Defendant ASF Carrier owed Plaintiffs a duty to properly inspect and maintain its trucks and Defendant ASF Carrier breached this duty.

19.    As a direct and proximate result of Defendant ASF Carriers' negligence, as set forth above, Martin Leal-Escobedo was severely injured and subsequently died.

20.    Defendant ASF Carriers' actions were malicious, willful, wanton, reckless and/or grossly negligent. Plaintiffs are entitled to an award of punitive damages.

### *Negligence of Defendant Bhatti*

21.    The conduct of Defendant Bhatti constitutes negligence in many respects including the following:

     a. Defendant Bhatti owed Plaintiffs a legal duty to hire, supervise, and train competent employees;

     b. Defendant Bhatti owed Plaintiffs a legal duty to retain competent employees;

     c. Defendant Bhatti owed Plaintiffs a legal duty to fire incompetent or dangerous employees;

     d. Defendant Bhatti breached each of the above duties by hiring, retaining and failing to fire Defendant Singh; and

     e. Defendant Bhatti owed Plaintiffs a duty to properly inspect and maintain its trucks and Defendant Bhatti Carrier breached this duty.

22.    As a direct and proximate result of Defendant Bhatti's negligence, as set forth above, Martin Leal-Escobedo was severely injured and subsequently died.

23.    Defendant Bhatti's actions were malicious, willful, wanton, reckless and/or grossly negligent.  Plaintiffs are entitled to an award of punitive damages.

### *Negligent Hiring, Supervision, Training and Retention of Defendant ASF Carrier*

24.    Upon information and belief, the tractor-trailer driven by Defendant Singh was owned by Defendant ASF Carrier and was negligently entrusted to Defendant Singh.

25.    Defendant Singh was an employee of Defendant ASF Carrier and was acting within the course and scope of his employment.

26.    Defendant ASF Carrier is responsible for the hiring, supervision and training of its employees to assure the proper execution of the duties of an over-the-road truck driver.

27.    Defendant ASF Carrier had a duty of care to hire, supervise and train its employees to drive tractor-trailers in a reasonable and safe manner.

28.    Defendant ASF Carrier breached its duty to exercise reasonable care and acted negligently and careless in hiring, supervising and training Defendant Singh for the duties which Defendant ASF Carrier could foresee and expect Defendant Singh to perform in the course of his employment.

29.    As a direct and proximate result of Defendant ASF Carrier's negligence, as set forth above, the Plaintiffs have suffered injuries and damages in an amount to be proved at trial.

30.    Defendant ASF Carrier's actions were malicious, willful, wanton, reckless and/or grossly negligent.  Plaintiffs are entitled to an award of punitive damages.

### *Negligent Hiring, Supervision, Training and Retention of Defendant Bhatti*

31.    Upon information and belief, the tractor-trailer driven by Defendant Singh was owned by Defendant Bhatti and was negligently entrusted to Defendant Singh.

32.    Defendant Singh was an employee of Defendant Bhatti and was acting within the course and scope of his employment.

33.     Defendant Bhatti is responsible for the hiring, supervision and training of its employees to assure the proper execution of the duties of an over-the-road truck driver.

34.     Defendant Bhatti had a duty of care to hire, supervise and train its employees to drive tractor-trailers in a reasonable and safe manner.

35.     Defendant Bhatti breached its duty to exercise reasonable care and acted negligently and careless in hiring, supervising and training Defendant Singh for the duties which Defendant Bhatti could foresee and expect Defendant Singh to perform in the course of his employment.

36.     As a direct and proximate result of Defendant Bhatti's negligence, as set forth above, the Plaintiffs have suffered injuries and damages in an amount to be proved at trial.

37.     Defendant Bhatti's actions were malicious, willful, wanton, reckless and/or grossly negligent. Plaintiffs are entitled to an award of punitive damages.

### *Respondeat Superior of Defendant ASF Carrier*

38.     Vicarious liability for Plaintiffs' injuries and damages attaches to Defendant ASF Carrier

through *respondeat superior* in the following respects:

      a.   Defendant Singh was an employee of Defendant ASF Carrier at the time of the incident;

      b.   Defendant Singh was working in the scope and course of his employment with Defendant ASF Carrier at the time of the incident;

      c.   Defendant Singh was acting in furtherance of Defendant ASF Carrier's business at the time of the incident;

      d.   Defendant Singh was working for the accomplishment of the object for which he was hired; and

      e.   Defendant Singh's negligence is a proximate cause of Plaintiffs' injuries and damages, as well as the death of Martin Leal-Escobedo.

### *Respondeat Superior of Defendant Bhatti*

39.     Vicarious liability for Plaintiffs' injuries and damages attaches to Defendant Bhatti through

*respondeat superior* in the following respects:

      a.   Defendant Singh was an employee of Defendant Bhatti at the time of the incident;

    b.   Defendant Singh was working in the scope and course of his employment with Defendant Bhatti at the time of the incident;

    c.   Defendant Singh was acting in furtherance of Defendant Bhatti's business at the time of the incident;

    d.   Defendant Singh was working for the accomplishment of the object for which he was hired; and

    e.   Defendant Singh's negligence is a proximate cause of Plaintiffs' injuries and damages, as well as the death of Martin Leal-Escobedo.

### *Gross Negligence*

40.    The above-mentioned acts of negligence on the part of Defendants were of such character as to make Defendants guilty of gross negligence.  Defendants' acts of negligence when viewed objectively from the standpoint of Defendants involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiffs.  The gross negligence of Defendants was a proximate cause of the collision and of the injuries and damages suffered by the Plaintiffs.  As a result of Defendants' gross negligence, Plaintiffs seek and are entitled to an award of exemplary damages.

## V. DAMAGES.

41.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 40 of this Complaint as if fully set forth here.

### *Plaintiff Nereida Leal, Individually*

42.    As a direct and proximate result of the incident in question, Martin Leal-Escobedo (age 53 at time of the incident) was killed. Plaintiff Nereida Leal brings this action pursuant to § 71.001, *et seq*., of the Texas Civil Practices and Remedies Code, commonly referred to as the "Wrongful Death Act."  Plaintiff Nereida Leal has suffered a severe loss by virtue of the economic and non-

economic damages associated with the death of her father, Martin Leal-Escobedo, and the resulting destruction of the parent-child relationship.

43.     As a direct and proximate producing result of the conduct of Defendant ASF Carrier and Defendant Bhatti's employee, Defendant Singh, as described above, Plaintiff Nereida Leal has suffered damages for the wrongful death of her father as follows:

a.  Pecuniary loss sustained in the past and which will reasonably be sustained in the future;

b.  Loss of companionship and society sustained in the past and which will reasonably be sustained in the future;

c.  Mental anguish sustained in the past and which will reasonably be sustained in the future;

d.  Loss of consortium;

e.  Loss of care, support and earnings;

f.  Pain and suffering sustaining in the past and which will reasonably be sustained in the future; and

g.  loss of inheritance.

### *Plaintiff Martin A. Leal, Individually*

44.     Plaintiff Martin A. Leal brings this action pursuant to § 71.001, *et seq*., of the Texas Civil Practices and Remedies Code, commonly referred to as the "Wrongful Death Act." Plaintiff, Martin A. Leal has suffered a severe loss by virtue of the economic and non-economic damages associated with the death of his father, Martin Leal-Escobedo, and the resulting destruction of the parent-child relationship.

45.     As a direct and proximate producing result of the conduct of Defendant ASF Carrier and Defendant Bhatti's employee, Defendant Singh, as described above, Plaintiff Martin A. Leal has suffered damages for the wrongful death of his father as follows:

a.  Pecuniary loss sustained in the past and which will reasonably be sustained in the

future;

b. Loss of companionship and society sustained in the past and which will reasonably be sustained in the future;

c. Mental anguish sustained in the past and which will reasonably be sustained in the future;

d. Loss of inheritance; and

e. Loss of care, support and earnings.

***Plaintiff Maria Escobedo, Individually***

46.    Plaintiff Maria Escobedo brings this action pursuant to § 71.001, *et seq*., of the Texas Civil Practices and Remedies Code, commonly referred to as the "Wrongful Death Act." Plaintiff, Maria Escobedo has suffered a severe loss by virtue of the economic and non-economic damages associated with the death of her son, Martin Leal-Escobedo, and the resulting destruction of the parent-child relationship.

47.    As a direct and proximate producing result of the conduct of Defendant ASF Carrier and Defendant Bhatti's employee, Defendant Singh, as described above, Plaintiff Maria Escobedo has suffered damages for the wrongful death of her son as follows:

a. Pecuniary loss sustained in the past and which will reasonably be sustained in the future;

b. Loss of companionship and society sustained in the past and which will reasonably be sustained in the future;

c. Mental anguish sustained in the past and which will reasonably be sustained in the future;

d. Loss of inheritance; and

e. Loss of care, support and earnings.

*Survival Damages*

48.     Plaintiff Nereida Leal, as the representative of the Estate of Martin Leal-Escobedo, brings this action pursuant to Section 71.021 of the Texas Civil Practice and Remedies Code, commonly referred to as the "Survival Statute." Plaintiff Nereida Leal would show that Martin Leal-Escobedo was not killed instantly in the incident in question. The following are damages survived to his estate, for which Plaintiff Nereida Leal sues:

      a.      Physical pain and mental anguish;

      b.      Medical Expenses; and

      c.      Funeral and burial expenses.

## VI.    JURY DEMAND

49.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 48 of this Complaint as if fully set forth here.

50.     Plaintiffs demand a trial by jury.

## VII.    PRAYER FOR RELIEF

51.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 50 of this Complaint as if fully set forth here.

52.     WHEREFORE, Plaintiffs pray that Defendants be summoned and appear herein, and that, on final trial, Plaintiff recover from Defendants the following:

      a.   past and future damages as set forth above;

      b.   exemplary damages;

      c.   pre-judgment and post-judgment interest at the highest rate allowed by law; and

      d.   for such other relief, at law or at equity to which Plaintiff may show himself entitled.

Respectfully submitted,

_____

Jason Medina
Chad Inderman
Glasheen, Valles & Inderman, LLP
P.O. Box 1976
1302 Texas Avenue
Lubbock, Texas 79401
(806) 776-1332
(806) 329-0595 Facsimile
Efile.jmedina@gvilaw.com
Efile.inderman@gvilaw.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>PLAINTIFFS' DEMAND FOR JURY TRIAL</u>

Plaintiffs, assert their rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Respectfully submitted,

_____

Jason Medina